IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIRGILIO VARGAS,<br>Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 19-CV-1214 |
| MITCHELL S. GOLDBERG, *et al.*,<br>Defendants. | : | |

MEMORANDUM

**KENNEY, J.**                                                         May 10, 2019

*Pro se* Plaintiff Virgilio Vargas, a prisoner in federal custody, has filed this *Bivens*[1] action against a United States District Court Judge, three United States Magistrate Judges, an Assistant United States Attorney and others. Vargas also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant leave to proceed *in forma pauperis*, dismiss the claims against the judicial officers and the AUSA with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and dismiss the claims against the remaining Defendants without prejudice.

I.     FACTS

Vargas alleges that the criminal charges for which he received his custodial sentence, *see United States v. Vargas*, 11-CR-366 (E.D. Pa.), are void because the indictment presented by the Government was invalid. He seeks unspecified injunctive relief, a judicial inquiry, the "right to

---

[1] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

assert his constitutional rights to pursue justice," and a declaratory judgment "for acts and omissions described herein." (ECF No. 1 at 3.)[2]

A review of public records shows that Vargas appeared before United States Magistrate Judge M. Faith Angell for a preliminary hearing on February 22, 2011, and for a pretrial detention hearing before Magistrate Judge Timothy R. Rice on February 23, 2011 (*see* 11-MJ-228-1, ECF Nos. 2, 4). Magistrate Judge David R. Strawbridge entered an order on May 18, 2011 setting forth a time in which an indictment or information must be filed in Vargas's action, and Magistrate Judge Lynne A. Sitarski entered a similar order on June 16, 2011 (*see id.*, ECF Nos. 11, 12). Vargas entered a plea of guilty before United States District Judge Mitchell S. Goldberg on February 7, 2012, to a charge of attempted possession with intent to distribute cocaine. He was originally sentenced to a term of 262 months incarceration (*see* 11-CR-366, ECF No. 47), but the sentence was later reduced to 200 months incarceration to be followed by an eight year term of supervised release. (*Id.*, ECF No. 75). Defendant Jessica Natali was the Assistant United States Attorney assigned to the case.

## II. STANDARD OF REVIEW

Because Vargas appears to be unable to pay the filing fee for this matter, the Court grants him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, requiring the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

---

[2] The Court adopts the pagination supplied by the CF/ECM docketing system.

its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Vargas is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

Among the persons Vargas has named as Defendants in this case are Judges Goldberg, Sitarski, Rice, Angell and Strawbridge. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir.

3

1997)). As the docket establishes that each of these Judges were acting within their judicial capacity and within their jurisdiction, they are absolutely immune. Vargas's claims against them, accordingly, are not plausible and will be dismissed pursuant to § 1915(e)(2)(B)(ii).

Also named as a Defendant is AUSA Jessica Natali. Prosecutors are also entitled to absolute immunity from liability if they are sued for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Since Vargas's claim against Natali derives from the initiation of the prosecution against him, Natali is entitled to absolute immunity.

Vargas also names as Defendants Brian B. Piskal and Sandra L. Shaw. However, other than listing their names in the caption, they are not mentioned by Vargas anywhere else in his Complaint. The claims against Piskal and Shaw will, accordingly, be dismissed without prejudice for failure to comply with Rule 8's requirement that Vargas present a short plain statement of his claim sufficient to show he is entitled to relief, to give the Defendants sufficient notice to prepare their defense, and to ensure that the Court is sufficiently informed to determine the issue. Because the Court cannot say at this juncture that Vargas's claims against Piskal and Shaw are futile, he will be granted leave to file an amended complaint within thirty (30) days.

An appropriate Order will be follows.

BY THE COURT:

_____
CHAD F. KENNEY, J.